**United States District Court**
For the Northern District of California

1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

MEGGY CAI LI,                                                     No. C 08-2425 MEJ

10

                         Plaintiff,                              **ORDER RE DEFENDANTS' MOTION TO**
                                                                  **DISMISS AND THE PARTIES' CROSS-**
11

        vs.                                                       **MOTIONS FOR SUMMARY JUDGMENT**

12

MICHAEL CHERTOFF, Secretary of the U.S.
Department of Homeland Security; EMILIO T.

13

GONZALES, Director of U.S. Citizenship and
Immigration Services; CHRISTINA POULOS,

14

Director, California Service Center, USCIS;
CONDOLEEZA RICE, Secretary of State,

15

                         Defendants.

16

_____/

17

        Pending before the Court is Defendants' Motion to Dismiss or for Summary Judgment (Dkt.

18

#5).  Also pending before the Court is Plaintiff Meggy Cai Li's Cross Motion for Summary

19

Judgment  ("PXMSJ," Dkt. #11 ).  Both parties have filed oppositions and replies.  After considering

20

the parties' papers, relevant legal authority, and good cause appearing, the Court hereby rules as

21

follows.

22

## I.        BACKGROUND

23

        Plaintiff initiated this action on May 12, 2008, by filing a Complaint for Writ in the Nature of

24

Mandamus (Dkt. #1).  In her Complaint, Plaintiff alleges that on March 5, 2004, she filed three I-130

25

immigration petitions with the United States Citizenship and Immigration Services ("USCIS")

26

California Service Center ("CCS") on behalf of her husband and her two step children.  (Compl. at

27

¶¶2, 10.)  On July 10, 2007, USCIS approved the three petitions.  (*Id*. at¶11.)  Thereafter, on April

28

**United States District Court**
For the Northern District of California

1   22, 2008, a consular officer interviewed Plaintiff's husband and her step children for their related

2   visa applications. (*Id*. at ¶12)  At the close of the interview, the officer denied the three visa

3   applications, stating that she did not believe Plaintiff's marriage was bona fide under U.S.

4   immigration law. (*Id*.)

5   Plaintiff alleges that it is her belief that the consular office will delay returning the petition

6   files to USCIS, such that USCIS will be unable to review the request from the consular office to

7   revoke the petitions, and that USCIS will further delay making its decision. (*Id*. at ¶15.)  According

8   to Plaintiff, "[s]uch a long delay for the Consular Office to return the petition to the USCIS and

9   USCIS's further delay in making a decision either to revoke the petition, send out request for

10  evidence or reaffirm the petition has damaged and will continue to damage Plaintiff in that she has

11  been separated from her husband and step children for more than six years after the marriage." (*Id*.)

12  Plaintiff thus claims that Defendants "in violation of the Administrative Procedures Act, 5 U.S.C. §

13  701 *et seq*., are unlawfully withholding or unreasonably delaying action on Plaintiff['s] I-130

14  petitions, and have failed to carry out the adjudicative functions delegated to them by law with

15  regard to Plaintiff's petitions and her family's visa applications." (*Id.* at ¶ 17.)  She requests that the

16  Court enter an order requiring Defendants to expeditiously adjudicate the I-130 petitions and visa

17  applications. (*Id*. at ¶ 18.)

18  As indicated above, Defendants have moved to dismiss this action, and both Defendants and

19  Plaintiff have moved for summary judgment.  After briefing closed on the parties' respective

20  Motions, the Court held a hearing on September 25, 2008.  (Dkt. #19.)

21  **II.    DISCUSSION**

22  In their Motion, Defendants urge the Court to dismiss this action pursuant to Federal Rule of

23  Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Alternatively, Defendants ask the

24  Court to grant summary judgment in their favor on the ground that Plaintiff cannot establish that

25  mandamus is warranted in this case.  (DMSJ at 1.)  In her Cross Motion, Plaintiff urges the Court to

26  grant summary judgment in her favor and to issue a writ of mandamus directing the American

27  Consulate in Guangzhou to expeditiously return the I-130 petitions of her husband and two step

28

**United States District Court**
For the Northern District of California

1  children to the USCIS-CSC, and directing the CSC to expeditiously act upon receipt of said petitions

2  by processing the consular denial of [the] visas to [her] husband and step children[.]"  (PXMSJ at 2.)

3

4  **A.      Return of the I-130 Petitions**

5          As indicated above, a key component of Plaintiff's mandamus action, and thus a key issue on

6  which both parties have moved for summary judgment, is Plaintiff's request that the Court order the

7  American Consulate in Guangzhou to expeditiously return the three  I-130 petitions to the USCIS

8  office.  In their Reply, Defendants indicate that on August 1, 2008, the Guangzhou Consulate

9  returned the three I-130 petitions to the National Visa Center. (Def. Reply at 1-2 & Ex. A, Dybdahl

10  Decl., at ¶4.)  Thereafter, on August 5, 2008, the National Visa Center forwarded the visa petitions

11  to USCIS. (Def. Reply at 2 & Ex. B, Louis Decl., at ¶7.)

12          At the hearing on the parties' Motions, the Court questioned counsel for both parties about

13  how this development effected the pending Motions and Plaintiff's case.  Plaintiff acknowledged that

14  the American Consulate had returned the I-130 petitions to USCIS.  However, as stated in her Reply

15  brief, Plaintiff maintained that the return of the petitions did not render her mandamus action moot.

16  Rather, Plaintiff asserted that her Complaint also seeks an order requiring USCIS to expeditiously

17  process the adjudication of the I-130 petitions to conclusion.  (Pl. Reply. at 2.)

18          Having considered the parties' arguments in their briefs and at oral argument, the Court finds

19  that there is no genuine dispute as to the fact that the American Consulate in Guangzhou has

20  returned the I-130 petitions relating to Plaintiff's husband and two step children to USCIS.  As a

21  result, the relief Plaintiff requested as to this issue - specifically, that the Court order the Consulate

22  to perform this act - has been rendered moot.  The Court will therefore DENY AS MOOT both

23  parties' Motions as to this issue. *See Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997)

24  (noting that, for federal court to adjudicate a matter, an actual controversy must exist throughout all

25  stages of review, not merely at the time the complaint is filed.); *Burnett v. Lampert*, 432 F.3d 996,

26  999 (9th Cir. 2005).

27

28                                                Page 3 of  5

**United States District Court**
For the Northern District of California

**B.     Further Action by USCIS**

According to Defendants, because the Consulate has returned the I-130 petitions, Plaintiff's entire case has been rendered moot.  Alternatively, Defendants argue that, even if the return of the I-130 petitions has not rendered her entire case moot, dismissal of this action is nevertheless appropriate.  (Def. Reply at 2-8.)  Plaintiff, however, asserts that she continues to suffer damages due to USCIS's delay in processing the Consulate's denial, and thus her case still presents a live controversy for this Court to resolve.

During oral argument, the Court questioned both parties extensively on this issue.  The Court noted that, at that the time of the hearing, only a month had passed since USCIS had received the petition files back from the Consulate.  The Court further questioned Plaintiff whether her claim that USCIS had unreasonably failed to act upon the return of the petitions was ripe given the short time fame that had passed since the Consulate returned the petition files.[1]

Reviewing the parties' briefs at this juncture, it is clear that the Consulate's return of the petitions directly affected the parties' proffered arguments in favor summary judgment.  Particularly, in their respective Reply briefs, the parties shifted focus and began discussing whether the return of the petitions had rendered Plaintiff's entire case moot and whether Plaintiff was still entitled to further relief against USCIS.  Because the parties raised these issues in their replies, they never had the opportunity to present full-developed arguments to the Court.  The Court therefore finds it imprudent to rule on the truncated arguments at this time.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (noting that it is in the district court's discretion whether to consider an argument first raised in a reply brief).  Further, at the time briefing closed, less than a month had passed since USCIS had received the petitions.  Presently, the parties are in a better position to represent their positions regarding claims of delay on the part of USCIS as it relates to the processing of the three visa petitions.

Taking the foregoing facts and developments into consideration, and in the interest of justice,

---

[1]In response, Plaintiff's counsel suggested that the Court stay this case for 90 days.  The Court, however, declined that request.

efficiency, and fairness to the parties, the Court will DENY WITHOUT PREJUDICE the remainder of the parties' Motions currently pending before the Court to allow both parties an opportunity to file new motions that take into account the events that occurred after they filed their initial Motions. The parties may re-assert any arguments raised in their prior briefs, as well as any new arguments that are relevant to this matter.

### III.    CONCLUSION

Based on the foregoing analysis, the Court hereby rules as follows:

The Court **DENIES AS MOOT** Defendants' Motion to Dismiss or Motion for Summary Judgment (Dkt. #5) and Plaintiff's Cross-Motion for Summary Judgment (Dkt. #11) with respect to Plaintiff's relief directed at the Consulate regarding return of the three petitions.

The Court **DENIES WITHOUT PREJUDICE** the remainder of Defendants' Motion to Dismiss or Motion for Summary Judgment (Dkt. #5) and Plaintiff's Cross-Motion for Summary Judgment (Dkt. #11).

Within 30 days from the date of this Order, the parties shall file a joint status report or file new motions.

**IT IS SO ORDERED.**

Dated: March 16, 2009

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
For the Northern District of California